✻ CLERK FILE ON DEMAND ✻

08-17-2023

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

5-23-CR-087-H

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

AUG 22 2023

CLERK, U.S. DISTRICT COURT
By _____
Deputy

UNITED STATES OF AMERICA

VS

CARLOS JORDANO HERRERA RUIZ
ABEL VALDEZ
YORDANESZ SANCHEZ

MOTION TO SUPPRESS ILLEGALLY SEIZED
EVIDENCE

COMES NOW CARLOS JORDANO HERRERA RUIZ
ABEL VALDEZ, AND/OR YORDANESZ SANCHEZ
DEFENDANTS IN THE ABOVE-STYLED AND NUMBERED
CAUSE, AND FILES THIS MOTION TO SUPPRESS
EVIDENCE THAT WAS OBTAINED ILLEGALLY AND
FOR CAUSE WILL SHOW THE COURT THE FOLLOWING

PAGE ① OF ⑤

PAGE ② of ⑤

(I) THE DEFENDANT MOVES THE COURT TO SUPPRESS THE FOLLOWING EVIDENCE:

(A) ALL TANGIBLE EVIDENCE SEIZED, FROM THE DEFENDANTS, MOTEL ROOM, AT THE RED ROOF INN, INCLUDING NOT LIMITED TO IDENTIFICATIONS, FOUND IN A LOCKED CLOSED CONTAINER, AND COMPUTER EQUIPMENT FOUND IN A COMPUTER CASE A CLOSED CONTAINER. THE SEARCH WARRANT WOULD HAVE TO STATE WHERE AND WHAT EXACTLY, THE SEIZED ITEMS WERE AND WHERE THEY WOULD BE LOCATED

(II) AT THE TIME OF THE SEARCH, THE DEFENDANTS ASKED TO SEE THE WARRANT, AND ASKED WHAT THE LAW ENFORCEMENT WAS LOOKING. FOR, IS THIS FRUIT FROM THE FORBIDDEN TREE.

(III) THE DETENTION OF THE DEFENDANTS WAS WITHOUT PROBABLE CAUSE OR REASONABLE SUSPICION IN VIOLATION OF THE 4TH, 5TH 9,$^{TH}$ AND 14TH AMENDMENTS OF THE U.S. CONST. WOODS vs STATE 956 S.W. 2d 33 (TX APP 1997)

PAGE ③ OF ⑤

VIVEROS vs STATE 828 S.W. 2d 2 (TX. App 1992)
AMORES vs STATE 816 S.W. 2d 407 (TX APP 1991)

(IV) THE ARREST AND SEARCH OF THE DEFENDANT AND
THE SEARCH OF THE MOTEL ROOM AND/OR CLOSED
CONTAINERS WAS WITHOUT WARRANT AND
WITHOUT ANY AUTHORITY WHATSOEVER. NO PERSON
WITNESSED THE DEFENDANT COMMIT AN OFFENSE
THE DEFENDANT WAS NOT FOUND IN A SUSPICIOUS
PLACE UNDER SUSPICIOUS CIRCUMSTANCES
WHICH WOULD REASONABLY SHOW THAT HE HAD BEEN
GUILTY OF A FELONY OFFENSE OR A BREACH OF THE
PEACE OR WAS ABOUT TO COMMIT SOME OFFENSE
AGAINST THE LAW. TEX CODE CRIM PROC, ARTICLE
14.01 AND ARTICLE 15.01 DUNAWAY vs NEW YORK
442 U.S. 200 (1979) BROWN vs ILLINOIS 422 U.S.
590 (1975)

(V) EVIDENCE SEIZED IN VIOLATION OF THE
UNITED STATES CONSTITUTION OR LAWS OF THE
STATE OF TEXAS IS NOT ADMISSIBLE AGAINST
THE ACCUSED. TX. CODE CRIM PROC ARTICE 38.23
ARTICLE I SECTION 9 OF THE TEXAS CONSTITUTION
4TH AMENDMENT TO THE U.S. CONSTITUTION,

PAGE ④ OF ⑤

(VI) THE ACCUSED DEFENDANTS WERE NEVER READ THEIR MIRANDA WARNINGS, TWO OF THE ACCUSED SPEAK "NO ENGLISH" ONLY "SPANISH" THEN WOULD HAVE TO OF HAD A BI-LINGUAL ARRESTING OFFICER. PRESENT

(VII) MIRANDA WARNINGS SAFEGUARDS TAKE EFFECT WHENEVER A PERSON IN CUSTODY OR DETAINED IS SUBJECTED TO EITHER EXPRESS QUESTIONING OR ITS FUNCTIONAL EQUIVALENT
RHODE ISLAND VS INNIS 446 US. 291 300-01 (1980) MIRANDA VS ARIZONA 384 U.S. 436, 444 (1966)

VIII THE EVIDENCE WAS OBTAINED, AND MIRANDA WARNINGS NOT READ, MOTION TO SUPPRESS "ANY" AND/OR "ALL" EVIDENCE SEIZED.
• THERE WAS NO "SEARCH WARRANT" FOR CLOSED CONTAINERS.
• THERE WAS NO "SEARCH WARRANT" AT THE TIME OF THE SEARCH. WHEN THE DEFENDANTS ASKED TO SEE THIS "SAID" WARRANT.

PAGE ④ OF ⑤

PAGE ⑤ OF ⑤

WHEREFORE PREMISES CONSIDERED, DEFENDANTS
"PRAY" THIS HONORABLE COURT "GRANT"
THIS MOTION TO SUPPRESS EVIDENCE
OBTAINED, WITHOUT A SEARCH WARRANT
AND/OR WITHOUT READING THE DEFENDANTS
THEIR MIRANDA WARNINGS


RESPECTFULLY SUBMITTED

X _____
CARLOS JORDANO HERRERA RUIZ

X _____
   ABEL VALDEZ

X _____
   YORDANESZ SANCHEZ


DATED 08-17-2023

CARLOS JORDANO HERRERA RUIZ
   LUBBOCK COUNTY JAIL
   3502 N. HOLLY AVE
   LUBBOCK, TEXAS 79403


PAGE ⑤ OF ⑤



Name: CARLOS JORDANS HERRERA RUIZ
S.O.#: 2049735
Lubbock County Jail
P.O. Box 10535
Lubbock, TX 79408-3535

LEGAL MAIL ONLY

INDIGENT

RECEIVED
AUG 22 2023
CLERK US DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

RETURN SERVICE
REQUESTED

FIRST CLASS

US POSTAGE AND PITNEY BOWES
ZIP 79401 $ 000.63°
02 4W
0000386595 AUG 18 2023

794018 4037 C067

CLERK OF COURT
FEDERAL COURT HOUSE
1205 TEXAS AVE
LUBBOCK TEXAS 79401



LEGAL MAIL